IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE JAROME LEWIS, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-CV-2292-D (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Lee Jarome Lewis, a Texas prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 3. The Court referred this case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Lewis's § 2254 petition with prejudice as meritless.

**I. BACKGROUND**

Lewis was charged by indictment with aggravated assault with a deadly weapon, with two enhancement paragraphs alleging two prior felony convictions. *See State of Texas v. Lewis*, No. F-1452807-X. Lewis pleaded true to the enhancement paragraphs, and jury convicted him of the offense alleged in the indictment. *Id.* The trial court sentenced Lewis to forty years in prison. After an unsuccessful direct appeal, *see Lewis v. State*, No. 05-14-01436-CR, 2016 WL 347108, at *1 (Tex. App. - Dallas Jan. 28, 2016), Lewis filed a state application for a writ of habeas corpus, *see Ex parte Lewis*, No. 86,426-01 (Tex. Crim. App. Mar.

1

8, 2017). The Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court. *See Ex parte Lewis*, No. 86,426-01.

Lewis now seeks federal habeas corpus relief. He presents the following five claims: (1) the indictment was defective, so the trial court lacked jurisdiction over him; (2) because the indictment was defective, the trial court lacked the authority to appoint defense counsel; (3) his trial counsel was ineffective failing to investigate and challenge the defective indictment, call alibi witnesses, advocate for Lewis, and permit him to conduct a voir dire; (4) his appellate lawyers were ineffective; and (5) the state courts denied him due process in his state habeas proceedings. *See* Dkt. No. 3 at 6-8.

## II. LEGAL STANDARDS

Where a state court has rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme

2

Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))).

### III. ANALYSIS

#### A. <u>Lewis's challenges to the indictment.</u>

Lewis argues that the trial court lacked jurisdiction over him because the indictment was defective. *See* Dkt. No. 3 at 6. Specifically, Lewis claims that the indictment was never reviewed by a "quorum grand jury." *Id.* ("The instrument

that the trial court signed was not reviewed by a [constitutionally] empaneled grand jury").

In Texas, a grand jury is composed of twelve grand jurors. Tex. Const. Art. V, § 13. "Once a grand jury is empaneled, nine grand jurors constitute a quorum for doing business." *Nethery v. Collins*, 993 F.2d 1154, 1158 (5th Cir. 1993); *accord* Tex. Const. Art. V, § 13. Applying the liberal construction due to *pro se* pleadings, Lewis appears to argue that too few members of the grand jury agreed to indict him.

Although Lewis's state habeas application challenged the indictment on several grounds, he never argued to the state courts that the grand jury acted without a quorum. *See* Dkt. No. 11-25 at 11-12. The state habeas court rejected the challenges that Lewis did raise, finding—as a matter of fact—that a grand jury issued the indictment during its term. *See* Dkt. No. 11-24 at 5 (rejecting Lewis's argument that the grand jury acted after its session had expired on a finding "that the indictment was filed on May 13, 2014, and the grand jury's term did not expire until July 7, 2014. The grand jury presented the indictment during its term."). That factual finding—on which the Court of Criminal Appeals rejected Lewis's post-conviction challenges to his indictment—is entitled to deference under Section 2254(d)(2). Lewis has done nothing here to rebut the presumption of correctness, let alone shown by clear and convincing evidence that the state court erred in finding that a grand jury issued the indictment against Lewis.

Moreover, Lewis did not fairly present to the state court the challenge that he appears to raise here—that the indictment was never reviewed by a "quorum grand jury." Dkt. No. 3 at 6. A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Thus, Lewis was required to submit the factual and legal bases of his claim—that the grand jury acted without a quorum—to the highest available state court for review in a procedurally proper manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickelson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition.").

Neither Lewis nor the state acknowledges that Lewis failed to exhaust this claim. Because he is not entitled to federal relief on this claim, however, the Court may bypass the procedural hurdles and reject the claim on its merits. *See* 28 U.S.C. § 2254(b)(2) (providing that the Court may deny a habeas petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the court of the State"); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2) to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith.").

Lewis's claim— "that there is no indictment returned by a quorum grand jury"—is wholly conclusory and unsupported by adequate briefing or evidentiary support. Vague, self-serving, and conclusory allegations are not sufficient to merit habeas relief. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (holding that *pro se* litigants are still required to provide sufficient facts in support of their claims, and, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (noting that bald assertions in *pro se* habeas petitions have no probative evidentiary value). Lewis fails to offer any factual support for his theory that fewer than nine grand jurors acted to indict him.

Moreover, the indictment itself indicates that it was properly issued by a Texas grand jury. *See* Dkt. No. 11-25 at 24 ("The Grand Jury of Dallas County, State of Texas, duly organized at the January Term, A.D., 2014 of the Criminal District Court No. 7 for said County, upon its' oath do present in and to said Court at said term"). Official court documents—including Lewis's indictment— are "entitled to a presumption of regularity and are accorded great evidentiary weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Lewis has made no colorable showing to rebut the presumption of regularity or otherwise substantiate his claim that the indictment was infirm. Therefore, the Court should deny claim (1)—that the indictment was defective because it was "not

7

reviewed by a constitutionally empaneled grand jury" because a quorum of members did not agree to indict Lewis.

Lewis also predicates his second claim for relief on his allegation that the indictment was not issued by a grand jury, urging that because he was not properly indicted, the trial court was without jurisdiction to appoint defense counsel. *See* Dkt. No. 3 at 6. As discussed above, Lewis has failed to support his bald challenge to the indictment. For the same reasons, the Court should also reject claim (2).

B. **Ineffective Assistance of Trial Counsel.**

Lewis next argues that he received ineffective assistance of counsel from his trial lawyer.

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. \_\_\_\_, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that

counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that Strickland's first prong is satisfied." (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

9

Lewis, in his Section 2254 petition, claims that

> [He] was left with no way to defend himself, counsel forced [Lewis] in an open court jury trial without investigating the charging instrument, which he knew was not an indictment and was not returned against [Lewis]. [Counsel also] fail[ed] to raise an objection, denied voir dire, or call alibi witnesses. Counsel fail[ed] to advocate.

Dkt. No. 3 at 7.

In rejecting Lewis's claims of ineffective assistance of counsel, the state habeas court developed a factual record—taking a sworn statement from Lewis's trial lawyer, George E. Ashford, III—and found that Ashford was credible. *See* Dkt. No. 11-24 at 6. The trial court's determination that Ashford was credible—the finding on which the Court of Criminal Appeals ultimately denied Lewis's claims—makes it even more difficult for him to obtain Section 2254 relief as to these claims. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))).

Moreover, the state habeas court correctly applied *Strickland*'s framework and rejected Lewis's ineffective assistance of counsel claims. Specifically, the court found that Ashford did conduct a voir dire on Lewis's behalf, and that Lewis had failed to show any prejudice stemming from his counsel's choice not to

10

challenge the indictment or call alibi witnesses. *See* Dkt. No. 11-24 at 9. The Court has reviewed the state habeas court's findings and conclusions as to Lewis's claims, *see* Dkt. No. 11-24 at 6-8, and, because not one amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)), Lewis is not entitled to relief on his claims that Ashford provided constitutionally ineffective assistance.

## C. <u>Ineffective Assistance of Appellate Counsel.</u>

Lewis also contends that his appellate lawyers were constitutionally ineffective for filing a "no merit" brief that contained no record cites and raised no legal arguments, failing to challenge the indictment and the performance of Lewis's trial counsel, and attempting to bar Lewis from initiating his state post-conviction proceedings by requesting an extension of time for him to file a petition for discretionary review from the appellate court's decision affirming his conviction and sentence. *See* Dkt. No. 3 at 7.

The *Strickland* standard applies to allegations of ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in Strickland" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))). To establish that counsel's performance was deficient, Lewis must show that counsel was objectively unreasonable in failing to find an arguable issue on

11

appeal. *See Robbins*, 528 U.S. at 285. And to establish prejudice, he must show a reasonable probability that he would have prevailed on appeal but for counsel's deficient performance. *See id.*; *see also Carmell v. Davis*, 707 F. App'x 295, 296 (5th Cir. 2017) (per curiam) (noting that "actual prejudice" is demonstrated by "a 'reasonable probability' that he would have prevailed on appeal.").

As to Lewis's allegation that his lawyer filed a "no merit" brief, the state habeas court found, as a matter of fact, that Lewis's counsel filed a merits brief that challenged an evidentiary ruling at trial. *See* Dkt. No. 11-24 at 12 (finding that, "[i]n this brief, Ms. Moore raised one substantive issue that she felt had the greatest potential for affording [Lewis] relief, namely, that the trial court erred in admitting a portion of the 911 recording when it held that a portion of the recording was admissible as a present sense impression."). That factual finding is supported by the record and entitled to deference under AEDPA. Accordingly, Lewis is entitled to no relief on his claim that his appellate counsel was ineffective for filing a "no merit" brief.

As to Lewis's claim that his appellate counsel was ineffective for failing to challenge the indictment, the Court of Criminal Appeals concluded that any such challenge would have been meritless because the indictment was not defective. *See* Dkt. No. 11-24 at 12. As discussed above, Lewis has not presented a colorable challenge to the indictment. And he has failed to show that a challenge to the indictment—raised for the first time on direct appeal—would have altered the

12

outcome of his appeal. Therefore, Lewis has failed to carry his burden to show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

The state habeas court rejected as too conclusory Lewis's claim that his appellate counsel should have challenged his trial lawyer's performance on direct appeal. *See* Dkt. No. 11-24 at 13. In his Section 2254 petition, Lewis claims only that his appellate counsel refused to brief the issue of "trial court attorney ineffectiveness." Dkt. No. 3 at 7. He does not explain, however, what arguments his appellate lawyer should have raised or on what grounds his trial counsel's performance was deficient. Nor does he attempt to show that, had appellate counsel briefed the issue, Lewis would have likely succeeded on his direct appeal. Thus, he is entitled to no relief on this claim.

Lewis also claims that his appellate counsel attempted to undermine his efforts to seek post-conviction relief. Specifically, Lewis appears to claim that his counsel sought an extension of time for him to file a petition for discretionary review as a maneuver to run out the clock on his time to file a state habeas application. *See* Dkt. No. 3 at 7 ("Ms. Moore infringed on [Lewis's Sixth Amendment rights] for filing a 60 day extension [to] try to procedural bar petitioner.").

13

Lewis's appellate counsel, Riann Moore, filed an affidavit with the state habeas court. In her affidavit, Moore explained

> I timely informed Mr. Lewis of the Court of Appeals' decision, sent him a copy of the opinion within five days by certified mail pursuant to TEX. R. APP. P. 48A. (Appendix "A"). I informed Mr. Lewis that I thought the Court of Appeals' decision misinterpreted applicable case law and that I intended to file a Petition for discretionary review (*Id.*). On February 26, I received correspondence from Mr. Lewis declining my services to file a PDR. (Appendix "B"). I interpreted his letter to mean that he would be filing a PDR. I wrote to him on the same date that he had the right to file a pro se PDR, which would have been due two days from then, on February 28. (Appendix "C"). As such, I advised him that I would file an extension motion on his behalf. (*Id.*). I filed such a motion, asking the Court of Criminal Appeals to extend the time for filing a PDR for sixty (60) days, giving Lewis until April 21, 2016, to file a pro se PDR.

Dkt. No. 11-25 at 162.

The trial court credited Moore's affidavit, finding

> On February 26, 2016, Ms. Moore received a letter from Applicant in which Applicant directed her to cease her representation of him and not file a PDR.
>
> In response to Applicant's letter, Ms. Moore sent a letter to Applicant on the same day. In her response, Ms. Moore informed Applicant of his right to file a PDR. Furthermore, because Applicant would not receive her letter until after the deadline for filing a PDR would expire, Ms. Moore informed Applicant that she was going to file a request for a sixty-day extension of that deadline. Ms. Moore filed that extension on February 26, 2016.
>
> The Court finds that Ms. Moore was willing to represent Applicant before the Court of Criminal Appeals. Moreover, when Applicant informed Ms. Moore that he

> did not want her to represent him anymore, she actively preserved his ability to file a PDR pro se by requesting and obtaining an extension of the deadline to file.
>
> The Court finds that Ms. Moore's actions regarding Applicant's PDR were objectively reasonable and, therefore, concludes that she was not ineffective for being willing to file a PDR on Applicant's behalf and then filing a request for an extension of the deadline to file a PDR.

The state court's factual finding—that Moore requested the extension to preserve Lewis's ability to file a petition for discretionary review, not to erect a hurdle to him seeking post-conviction relief—is presumed to be correct. Lewis has failed to overcome that presumption, and he has offered no evidentiary support for his alternative theory that Moore was, instead, attempting to undermine his efforts to file a state writ application.

Moreover, Lewis cannot identify any prejudice stemming from Moore's decision to request an extension of time to file his petition for discretionary review. That is because Lewis timely filed his state writ application, and the state court addressed his application on the merits. Thus, Lewis is not entitled to relief on this claim.

D. <u>Lewis's challenges to the State's post-conviction proceedings.</u>

Lewis alleges that the State did not provide him with a full and fair process to adjudicate his post-conviction claims because the judge who presided over his trial was not the same judge who presided over his habeas proceeding and

15

because the state court did not conduct an evidentiary hearing. But those claims are not cognizable grounds for federal habeas relief.

"Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984). The Fifth Circuit's "'no state habeas infirmities' rule is based on one of the jurisdictional prerequisites of federal habeas review"—a federal court may only entertain a challenge from a state prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Reneau v. Cockrell*, 31 F. App'x 151, 151 (5th Cir. 2001); *accord* 28 U.S.C. § 2254(a); *see also Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001) (stating that claims based on "infirmities in state habeas proceedings" are not cognizable on federal habeas review "because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself."). Because Lewis's final claim is an attack on the State's collateral proceedings, it is not cognizable here.

## IV. RECOMMENDATION

The Court should deny Lewis's Section 2254 petition with prejudice as meritless.

Signed November 13 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).